IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HORACE ALEXANDER,<br>TDCJ #1486540, | §<br>§<br>§ | |
| Petitioner, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. H-09-1143 |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice -<br>Correctional Institutions Division, | §<br>§<br>§<br>§ | |
| Respondent. | §<br>§ | |

## MEMORANDUM AND ORDER

The petitioner, Horace Alexander (TDCJ #1486540), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Alexander has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.   BACKGROUND

Alexander reports that he was charged with assault causing bodily injury to a public servant in cause number 1069078. On February 6, 2008, a jury in the 232nd District Court of Harris County, Texas, found Alexander guilty as charged and sentenced him to serve twenty-five years' imprisonment. The conviction was affirmed by an intermediate state

appellate court.  *See Alexander v. State*, No. 14-08-00124-CR (Tex. App.— Houston [14th Dist.] January 27, 2009).  Alexander filed a petition for discretionary review with the Texas Court of Criminal Appeals, which was dismissed recently on April 8, 2009, as untimely filed.

Alexander now seeks a writ of habeas corpus to challenge his state court conviction under 28 U.S.C. § 2254.  In a petition that is dated April 14, 2009, Alexander contends that he is entitled to relief for the following reasons: (1) the Texas Court of Criminal Appeals violated his right to due process by refusing his petition for discretionary review; (2) he was denied effective assistance of counsel at trial because his attorney did not investigate his competency or present a defense based on insanity; (3) he was denied effective assistance of counsel on appeal because his attorney did not present claims based on ineffective assistance of trial counsel; and (4) he was held on excessive bond and denied a bond hearing prior to his trial.  Because Alexander has not yet exhausted available state court remedies with respect to these claims, the pending federal petition must be dismissed for reasons that follow.

## II.    **EXHAUSTION OF REMEDIES**

Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The exhaustion requirement "is not jurisdictional,

but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254(b)(1)(B).  A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts."  *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)).  A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented."   28 U.S.C. § 2254(b)(1)(C).  In Texas, a criminal defendant may challenge a conviction by taking the following paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir.) ("Habeas petitioners must exhaust state remedies by pursuing their claims

3

through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

A review of the appellate opinion, which is attached as an exhibit to the petition, reflects that the court of appeals did not consider any of the claims that Alexander attempts to present here. (Doc. # 1, Exhibit from the Intermediate Court of Appeals). Alexander's petition for discretionary review was dismissed as untimely filed. Alexander reports that he has filed at least two state habeas corpus applications under Article 11.07 of the Texas Code of Criminal Procedure. According to other exhibits attached to the petition, however, Alexander's state habeas applications have been dismissed as premature because his direct appeal was still pending when he filed those applications. (Doc. # 1, Exhibits from the Texas Court of Criminal Appeals).

The pleadings confirm that the Texas Court of Criminal Appeals has not had an opportunity to review any of the claims that Alexander now attempts to assert. Because Alexander's previous state habeas corpus applications have been dismissed for procedural reasons, review under Article 11.07 is not foreclosed. Thus, this state process remains available. As a result, Alexander does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed the petitioner's claims. It follows that the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

## III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue in this case.

## IV.   <u>CONCLUSION AND ORDER</u>

For these reasons, the Court **ORDERS** as follows:

1.   The petitioner's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2.   The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

3.   A certificate of appealability is **DENIED**.

5

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on <u>April 30th</u>, 2009.

Nancy F. Atlas
United States District Judge